UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ISREAL,<br><br>    Petitioner,<br><br>    v.<br><br>RALPH M. DIAZ,<br><br>    Respondent. | Case No.: 1:13-cv-00385-LJO-SAB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETIITON FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 1) |

    Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed the instant petition for writ of habeas corpus on March 18, 2013. For the reasons detailed below, the petition for writ of habeas corpus must be dismissed.

**I.**

**DISCUSSION**

**A.    Procedural Grounds for Dismissal**

    Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

///

### B. Failure to State a Cognizable Federal Claim

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner sole contention is that he has been the subject of racial discrimination by prison officials resulting in a violation of his constitutional rights. Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, he must do so by way of other legal means.

## II.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant petition for writ of habeas corpus be dismissed.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time

may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **May 1, 2013**

UNITED STATES MAGISTRATE JUDGE